PER CURIAM.
This case involves the constitutional double jeopardy clause, the identity of offenses problem, the statutory offense of transportation of funds with intent to carry on an unlawful activity and the statutory offense of purchase of a controlled substance.
The defendant, while armed, carried cash to the scene of a controlled drug transaction where he participated with a co-perpetrator in the purchase of marijuana from an undercover police officer. He was convicted of the offense of unlawfully transporting funds with intent to promote the carrying on of a specified unlawful activity while armed (a violation of sections 896.-101(2)(b)l and 775.087(l)(a), Florida Statutes), and the offense of the unlawful purchase of a controlled substance (a violation of sections 893.13(l)(a) and 893.03(l)(c)l, Florida Statutes). The defendant appeals contending that the two offenses are “the same offense” and that his conviction of both violated his constitutional double jeopardy rights. We disagree and affirm.
The two offenses are not “the same offense” within the meaning of the constitutional double jeopardy prohibition because each offense was based on a distinct and separate factual event although both factual events comprised part of one transaction or episode. Also, each offense has at least one element the other offense does not have. The drug purchasing offense does not have an element requiring the transportation of funds with a specific intent to the location of the drug purchase transaction and the funds transportation offense does not require a drug sale-purchase (or any other) transaction. In addition, each offense is aimed at a different evil: the drug purchase offense is aimed at prohibiting, penalizing and deterring drug transactions, while the funds transportation offense is aimed at prohibiting, penalizing and deterring the financing of “racketeering activity” (see sections 896.101(l)(g) and 895.02, Florida Statutes). The fact that a drug purchase can constitute a “specified unlawful activity” and a “racketeering activity” does not make the two offenses “the same offense” within the meaning of the constitutional double jeopardy prohibition.
AFFIRMED.
COWART, GOSHORN and HARRIS, JJ., concur.